THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X

FRANK SMITH CASTILLO,

                     Petitioner,                            07 Civ. 2976
                                                 04 Cr. 408 (KMW)
                                     OPINION AND ORDER

     -against-

UNITED STATES OF AMERICA,

                     Respondent.
----------------------------------------------------X
WOOD, U.S.D.J.:

       In 2004, Petitioner Frank Smith Castillo ("Petitioner") was convicted of one count of conspiring to commit armed bank robbery, in violation of 18 U.S.C. § 371; three counts of armed robbery in violation of 18 U.S.C. § 2113(a) and (d); and three counts of using and carrying a firearm, which was brandished and equipped with a silencer, in furtherance of an armed robbery, in violation of 18 U.S.C. § 924(c). Petitioner, acting *pro se*, files the instant petition for habeas corpus pursuant to 28 U.S.C. § 2255 ("Section 2255"), asking the Court to vacate, set aside, or correct his sentence on the grounds that: (1) the District Court erred in failing to explain to Petitioner his right to present a case; (2) the District Court erred in instructing the jury; (3) the Government failed to disclose materials covered by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500; (4) there was insufficient evidence to support the jury's guilty verdict; and (5) Petitioner's trial counsel provided ineffective assistance.

       For the reasons set forth below, the Court DENIES Petitioner's habeas corpus petition.

I.      Background

        A.  Trial and Crimes of Conviction

Petitioner was charged in a fifteen-count superseding indictment with one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; seven counts of armed robbery, in violation of 18 U.S.C. § 2113(a) and (d); and seven counts of using and carrying a firearm, which was brandished and equipped with a silencer, in furtherance of an armed robbery, in violation of 18 U.S.C. § 924(c).  The indictment alleged that these crimes took place between February and June 2003.

Petitioner's trial was held between October 25, 2004 and November 8, 2004.  The government called eighteen witnesses at trial:  fifteen bank employees or customers, two alleged accomplices of Petitioner, and the police investigator who had conducted the photo array for a bank employee witness who identified Petitioner as the robber.  The Government also presented surveillance photographs and the audio from a phone call recorded at one of the banks during one of the robberies.

The Government and the defense entered into several stipulations of undisputed facts, including, *inter alia*, the layout of the banks and the fact that the banks were FDIC-insured.

Following trial, the jury found Petitioner guilty of conspiracy to commit armed bank robbery, guilty on three counts of armed robbery, and guilty on three counts of using and carrying a firearm in furtherance of an armed robbery.  The jury was unable to reach a verdict on the remaining counts.  The Government subsequently agreed to dismiss the counts on which the jury could not reach a verdict.[1]

---

[1] After trial, this case was consolidated before this Court with a separate case against Petitioner, 03 Cr. 979 (KMW), in which Petitioner was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The judgment was affirmed by the Second Circuit. On March 28, 2007, Petitioner filed a petition for habeas corpus relief, pursuant to section 2255. This Court denied that petition in an order dated November 30, 2009. *See Castillo v. United States*, No. 07 Civ. 3401, 03 Cr. 979, 2009 WL 4250512 (S.D.N.Y. Nov. 30, 2009)

B.  Petitioner's Post-Conviction Appeal

Petitioner appealed his conviction to the Second Circuit on three grounds:  (1) that the District Court erred in its application of Federal Rule of Evidence 404(b) by allowing the Government to introduce evidence of a prior crime without restricting the scope or limiting the use of that evidence; (2) that his trial counsel rendered ineffective assistance by failing to request a limiting instruction regarding the prior crime evidence; and (3) that this Court erred in imposing restitution as part of the sentence.  On April 20, 2006, the Second Circuit affirmed Petitioner's conviction, rejecting the first and third claims, and declining to resolve the second. *United States v. Castillo*, 186 Fed. App'x. 25 (2d Cir. 2006).

On March 20, 2007, Petitioner filed the instant petition for habeas corpus, pursuant to Section 2255.  Petitioner raises four grounds for habeas relief based on alleged error on the part of the Government and trial court.  Specifically, Petitioner argues: (1) the District Court erred by failing to specifically advise the Defendant that he had the right to present a case; (2) the District Court erred in instructing the jury; (3) the Government failed to turn over potentially exculpatory material and witnesses' prior statements, as required by *Brady*, *Giglio* and the Jencks Act, 18 U.S.C. § 3500; and (4) there was insufficient evidence to support the jury's verdict (collectively, "Grounds (1) – (4)").  Petitioner did not raise these claims on direct appeal.

The remainder of Petitioner's arguments concern Petitioner's fifth claim ("Ground 5") that he received ineffective assistance of counsel at trial.  Specifically, Petitioner claims that he received ineffective assistance of counsel because his trial counsel (a) entered into certain trial stipulations; (b) failed to investigate and use discovery material provided by the government; (c) failed to obtain certain discovery material from the Government; (d) made various strategic errors, including to failing to present a defense case; (e) failed to file a motion to sever the

3

charged offenses; and (f) failed to object to the court's jury instructions (collectively, "Ineffective Assistance Claims").

On June 26, 2007, Petitioner filed a "Motion of Formal Request for Appointment of Counsel, Pursuant to 18 U.S.C. § 3006A and 28 U.S.C. § 1915(d)."

In his Reply Brief, dated June 26, 2007, Petitioner argues for the first time that language barriers rendered him unable to understand the criminal proceedings against him or to receive effective assistance from his English-speaking counsel.

For the reasons set forth below, the Court DENIES the petition for habeas corpus relief pursuant to Section 2255 and DENIES Petitioner's Motion for Appointment of Counsel.

II.    <u>Analysis</u>

    A.    <u>An Evidentiary Hearing Is Not Warranted</u>

Section 2255 requires that a court hold an evidentiary hearing on a petitioner's claim, unless the motions and records in the case establish that the petitioner is not entitled to relief.  "It is within a district court's discretion to determine whether an evidentiary hearing is warranted." *Bennett v. United States*, No. 03 Civ. 1852, 07 Cr. 639, 2004 WL 2711064, at *3 (S.D.N.Y. Nov. 23, 2004).  While a court should not summarily dismiss a case unless it is clearly bereft of merit, an evidentiary hearing is not needed in every case.  *Id.*; *see also Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001).  To obtain a hearing, "a petitioner 'must demonstrate a colorable claim,' and the court must evaluate whether a hearing would 'offer any reasonable chance of altering its view of the facts.'"  *Bennett*, 2004 WL 2711064, at *3 (quoting *Chang*, 250 F.3d at 84, 86).

An evidentiary hearing is not warranted for the instant petition.  As discussed below, the briefs and supporting record make clear that no factual disputes exist that would warrant a hearing, and that the petition is without merit.

      B.   Alleged Language Barrier

As an initial matter, the Court addresses Petitioner's contention, raised for the first time in his Reply Brief in support of his Section 2255 Motion, that language barriers rendered him incompetent to stand trial and made it impossible for him to receive effective assistance of either trial or appellate counsel.  Petitioner claims that because he is of Cuban descent and speaks Spanish as a first language, "there is no way that either [trial or appellate] counsel could have discussed or consulted with him in [E]nglish."  Pet'r Reply at 4.  Petitioner further argues that his trial counsel should have moved for a competency hearing to address this language barrier and that his appellate counsel should have moved for an interpreter to help assist Petitioner in his defense on his appeal.  *Id.*

The Second Circuit has held that non-English speaking defendants have a constitutional right to a court-appointed interpreter throughout the course of a criminal trial.  *See United States ex rel. Negron v. State of New York*, 434 F.2d 386, 389-91 (2d Cir. 1970).  "When a defendant is clearly able to communicate in a given language, however, he cannot sustain claims protesting that his trial was unfair because of a language barrier."  *Elize v. United States*, No. 02 Civ. 1350, 2008 WL 4425286, *7 (E.D.N.Y. Sept. 30, 2008) (citing *Negron*, 434 F.2d at 391).  Further, this Court has held that in order to preserve a claim of inadequate interpretive assistance, a Defendant must raise the issue with the trial court if the issue was not "manifestly obvious."  *Sosa v. Mohawk Corr. Fac.*, No. 07 Civ. 5916, 2008 WL 534764, at *6-7 (S.D.N.Y. Feb. 25, 2008); *see also United States v. Vargas*, 871 F. Supp. 623, 625 (S.D.N.Y. 1994).

Because the issue of a language barrier between Petitioner and his counsel was never raised by either his counsel or Petitioner at any point before or during the trial proceedings, before or during his appeal, or even in Petitioner's initial Section 2255 motion, Petitioner has waived this argument. *See, e.g., United States v. Yousef*, 327 F.3d 56, 115-16 (2d Cir. 2003) (declining to consider argument raised for the first time in appellant's reply brief). Petitioner contends that his language disability was "obvious, not just a possibility," noting that the Government requested that an interpreter be present while witnesses for the Government testified. Pet'r Reply at 8. This argument is, however, directly contradicted by the record, which demonstrates that Petitioner did possess an understanding of English sufficient to comprehend the proceedings. At Petitioner's arraignment on the superseding indictment, which occurred immediately prior to the start of trial, the Court addressed the language issue, and expressly offered the services of an interpreter to the extent such services were necessary to aid in any aspect of Petitioner's defense. Petitioner communicated to the court (in English) that he understood what was being said and did not require an interpreter:

> THE COURT: Mr. Castillo, are you prepared to waive a reading of the superseding indictment and enter a plea of not guilty as to all the counts at this time?
>
> THE DEFENDANT: (In English) Yes, your Honor.
>
> . . .
>
> MR. UDELL [Assistant U.S. Attorney]: . . . [Y]our Honor, just before we begin, with respect to the interpreter, for the record, we have an interpreter on stand-by, but I'm not certain whether the defendant would like to avail himself of her services.

6

THE COURT [to the interpreter]:  Ms. Weisz, would you please speak with the

defendant and ascertain whether you understand each other, and then you can be

available if he wants you?

(pause)

THE COURT:  You understand her all right?

THE DEFENDANT:  (In English)  Yeah, I understand.

THE COURT:  And any time you want to have the assistance of the interpreter for

any language or any words or anything that you might not be totally clear on,

she's here to help you and you can call on her at any time; do you understand that?

THE DEFENDANT: (In English) Yeah, I understand.  Thank you.

Tr. of Arraignment, at 2-3, Oct. 25, 2004.

Having demonstrated an understanding of the proceedings, and having been provided

with the opportunity to use a court-appointed interpreter, Petitioner cannot now make a claim

that his entire trial and appeals process was rendered infirm by a purported language barrier.

Accordingly, the Court DENIES Petitioner's petition for relief based on this argument.

C.  Procedurally Barred Arguments

The Court finds that Petitioner is procedurally barred from raising in this petition the

arguments that could have been, but were not, raised on direct appeal.  In any event, these claims

are denied because they lack merit for the reasons discussed herein.

1.  Legal Standard

A petitioner cannot litigate under Section 2255 claims that he could have, but did not,

raise on direct appeal, unless the petitioner can show either:  (1) cause and prejudice for the

failure to raise the claim; or (2) that the petitioner is actually innocent of the crime for which he

was convicted. *Bousley v. United States*, 523 U.S. 614, 622-23 (1998). A petitioner can show that there was "cause" for his failure to raise a claim by establishing that appellate counsel provided ineffective assistance. To prove that appellate counsel's assistance was ineffective, the petitioner must meet the two-prong test articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 694 (1984), which requires showing that appellate counsel's conduct was (1) objectively unreasonable, and (2) prejudicial to the petitioner. *See Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (applying *Strickland* standard to claim of ineffective assistance of appellate counsel). If a petitioner argues that appellate counsel's assistance was ineffective because counsel decided not to raise a claim, the petitioner must show that appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Id.*

## 2. Application

Petitioner claims that his appellate counsel rendered ineffective assistance by not raising Grounds (1) – (4) on direct appeal. Therefore, Petitioner argues, he has established "cause" for failing to raise the claim on appeal, and thus he can raise the claim in his habeas petition. The claims that Petitioner raises now, however, are not "significant and obvious," and the claims that Petitioner's appellate counsel did raise on appeal were not "significantly weaker" than Petitioner's new arguments. *Mayo*, 13 F.3d at 533. Petitioner has not established that appellate counsel's decision to forego these new arguments was objectively unreasonable so as to render appellate counsel's assistance ineffective. Thus, Petitioner does not show cause for his failure to raise these claims on direct appeal, and Petitioner is barred from raising these claim in his habeas petition.

In any event, for the reasons discussed herein, the claims are without merit.

a.  <u>Ground 1:  Failure to Explain Right to Present Case</u>

Petitioner argues that it was plain error for the District Court not to directly explain to Petitioner that he had a right to present a defense and call witnesses.  In his Reply Brief, Petitioner cites cases addressing the requirement under Federal Rule of Criminal Procedure 11 that a court advise a defendant of his right to present evidence when the court accepts a guilty plea.  Petitioner provides no support for his claim that, at trial, a court must separately inform a defendant of his right to call witnesses and present evidence in defense.  When a defendant is represented by competent counsel, a court is not obligated to separately inform the defendant of his right to call witnesses and present evidence. *Cf. In re Rosahn*, 671 F.2d 690, 695 (2d Cir. 1982) (holding in context of civil contempt hearing that there was no need for court to make "special effort" to inform defendant of her right to call witnesses).[2]

The Court finds that it was not unreasonable for Petitioner's appellate counsel to decline to raise this argument on appeal and Petitioner is procedurally barred from raising it now.  Accordingly, the Court DENIES the petition for relief based on this argument.

b.  <u>Ground 2:  Jury Instructions</u>

Petitioner argues that the District Court committed plain error in its jury instructions by (1) reading the overt acts charged in the indictment without specifying that each act was only alleged to have occurred; and (2) referring to "accomplice witness" in the instructions.

Petitioner argues that by reading the overt acts charged in the Indictment without specifying that each act was only alleged, the Court was suggesting to the jury that Petitioner did indeed commit each overt act.  Pet'r Mot. at 8-9.  But immediately after reading the overt acts,

---

[2] Petitioner reiterates that a language barrier between Petitioner and his counsel made it impossible for his counsel to properly advise Petitioner of his rights and discuss strategy.  For the reasons discussed *supra*, the Court finds these arguments to be without merit.

the Court clarified for the jury that "[t]he Government must prove beyond a reasonable doubt that at least one of the conspirators committed at least one of the overt acts listed in the indictment in furtherance of the conspiracy and during its existence and on or about the date set forth in the indictment."  Trial Tr. at 590.  Thus, the Court made clear that it was not stating what Petitioner did, but merely explaining what the Government must prove beyond a reasonable doubt.  Accordingly, these instructions were not erroneous.

Petitioner also argues that the Court committed error by referring to particular individuals as "accomplice witnesses," on the theory that referring to these individuals as Petitioner's "accomplices" presupposes Petitioner's guilt.  But the Court made clear that the accomplice witnesses "testified that they themselves were actually involved in carrying out one or more of the crimes charged in the indictment."  Trial Tr. at 576.  The Court also emphasized that the guilt of the accomplices should not be imputed to Petitioner:  "Please understand that guilt is personal, and you're instructed that you're to draw no conclusions or inferences of any kind about the guilt of the defendant on trial, Frank Smith Castillo, from the fact that these two prosecution witnesses pled guilty to similar charges."  Trial Tr. at 578.  Petitioner cites no support for the principle that the Court's use of the term "accomplice," with the above limiting instructions, is prejudicial.  Indeed, the District Court's accomplice-witness instruction closely tracks the model accomplice-witness instruction in Leonard B. Sand, et al., 1 Modern Federal Jury Instructions: Criminal, Instruction 7-5 (2006).

Because these jury instructions were not erroneous, it was not unreasonable for Petitioner's appellate counsel to decline to raise this argument on appeal and Petitioner is procedurally barred from raising it now.  Accordingly, the Court DENIES Petitioner's petition for relief based on this argument.

c.   Ground 3:  *Brady*, *Giglio* and Jencks Act Material

Petitioner's claim that the Government failed to produce *Brady*, *Giglio* and Jencks Act

material is procedurally barred and without merit.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), the Government has a constitutional

obligation to disclose to a criminal defendant, in a timely fashion, favorable evidence that is in

the Government's possession or of which the Government is constructively aware, when such

evidence is material to guilt or punishment. "The suppression of exculpatory documents does not

cause a constitutional violation unless the documents are material, *i.e.*, 'there is a reasonable

probability that, had the evidence been disclosed to the defense, the result of the proceeding

would have been different.'"  *Boyette v. Lefevre*, 246 F.3d 76, 90-93 (2d Cir. 2001) (quoting

*United States v. Bagley*, 473 U.S. 667, 682 (1985)).  Similarly, the Government has an obligation

to disclose to a defendant evidence that may be used to impeach a prospective witness, when the

reliability of that witness could be determinative of the defendant's guilt or innocence.  *See*

*United States v. Madori*, 419 F.3d 159, 170 (2d Cir. 2005) (citing *Giglio v. United States*, 405

U.S. 150 (1972)).  Finally, under the Jencks Act, the Government is required to produce

previously made statements in its possession of any witnesses testifying at trial.  18 U.S.C. §

3500.

Here, Petitioner does not point to any specific evidence that was withheld or prior

testimony that the Government failed to produce.  Petitioner's broad, conclusory claims that the

Government failed in its duties to provide Petitioner with "the witnesses['] prior testimony, once

they testified at trial," and to produce "all of the evidence that it gathered in its case, meaning,

exculpatory and inculpatory evidence" are insufficient to support his claim of a constitutional

violation.  *See Skinner v. Duncan*, No. 01 Civ.6656, 2003 WL 21386032, at *25 and n.39

(S.D.N.Y. June 17, 2003) (collecting cases holding that conclusory, speculative allegations that the government failed to disclose evidence are insufficient to support a *Brady* violation); *Foy v. United States*, 838 F. Supp. 38, 42 (E.D.N.Y. 1993) (denying petitioner's section 2255 motion based on *Brady* and Jencks Act violations where petitioner "failed to identify any specific document the government failed to produce").

Petitioner's arguments constitute mere speculation about the existence of undisclosed evidence or prior statements.  Pet'r Reply at 15-16 (arguing that there is a "possibility" that there is grand jury testimony that he did not receive, and that a law enforcement officer "*may* have submitted memorandas to his superior officer" that were not produced).  This type of speculation does not warrant habeas relief.  *See, e.g., Harris v. United States*, 9 F. Supp. 2d 246, 275 (S.D.N.Y.1998) (denying petitioner's Section 2255 petition based upon withheld evidence because "the government does not bear the burden of establishing that documents were not withheld; it is [petitioner's] burden to prove that the government failed to disclose evidence favorable to [petitioner]. Conclusory allegations that the government 'suppressed' or 'concealed' evidence do not entitle [petitioner] to relief.") (citations omitted).

Petitioner's claim that his rights were violated when the Government provided him with redacted prior statements of witnesses is similarly unavailing.  Under the Federal Rules of Criminal Procedure, a party is permitted to redact privileged or unrelated information from the statements provided to opposing counsel.  Fed. R. Crim. P. 26.2(c).  Petitioner did not object to the redactions during trial, and Petitioner does not provide any evidence to suggest that any of the redacted information was relevant.

In light of the absence of any evidence to support the assertion that the Government withheld material evidence or prior statements of its witnesses, Petitioner's appellate counsel

was reasonable in declining to raise this argument on appeal, and Petitioner is procedurally

barred from raising it now.  The Court DENIES the petition for relief based on this ground.

### d.  Ground 4:  Sufficiency of the Evidence

Petitioner's argument that the government failed to prove guilt beyond a reasonable doubt

is procedurally barred, and, in any event, without merit.  A defendant challenging the sufficiency

of the evidence to support a jury's guilty verdict "bears a heavy burden."  *United States v.*

*Pipola*, 83 F.3d 556, 564 (2d Cir. 1996) (citing *Glasser v. United States*, 315 U.S. 60, 80 (1942)).

The reviewing court views the evidence "in the light most favorable to the government, drawing

all inferences in the government's favor and deferring to the jury's assessments of the witnesses'

credibility."  *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010) (citations omitted).

The court will overturn a jury verdict "only if no rational factfinder could have found the crimes

charged proved beyond a reasonable doubt."  *United States v. Gaskin*¸ 364 F.3d 438, 459 (2d Cir.

2004) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Petitioner does not meet this burden.  Petitioner argues, in essence, as follows:  Because

the evidence on the different counts of conspiracy, bank robbery and firearms violations was the

same, and the jury found Petitioner guilty on only some of the counts, then the Government

failed to prove Petitioner's guilt beyond a reasonable doubt on <u>any</u> of the counts.  Pet'r Mot. at

14-15.  This argument fails.  "[I]t has long been established that inconsistency in jury verdicts of

guilty on some counts and not guilty on others is not a ground for reversal of the verdicts of

guilty."  *United States v. Acosta*, 17 F.3d 538, 545 (2d Cir. 1994).  The Supreme Court has

cautioned that review of the sufficiency of the evidence "should not be confused with the

problems caused by inconsistent verdicts."  *United States v. Powell*, 469 U.S. 57, 64-67 (1984).

*See also Acosta*, 17 F.3d at 545 ("The review of the legal sufficiency of the evidence with

respect to one count should be independent of the jury's determination that the evidence on another count was insufficient to meet the government's burden of persuasion."). Moreover, the basic premise behind Petitioner's argument is false, as the evidence and testimony regarding the different robberies was necessarily not identical.

Accordingly, it was not ineffective assistance of counsel for Petitioner's appellate counsel to decline to raise this argument on appeal, and Petitioner is procedurally barred from raising it now. The Court DENIES the petition for relief based on this ground.

### D. Ground 5: Claims of Ineffective Assistance of Trial Counsel

The Court holds that Petitioner has not shown that he received ineffective assistance of counsel at trial.

#### 1. Legal Standard

To prevail on a claim for ineffective assistance of counsel, a petitioner must demonstrate that: (1) his counsel's performance "fell below an objective standard of reasonableness"; and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. If a petitioner makes an inadequate showing on one prong of the *Strickland* inquiry, the court does not need to address the second prong. *Id.* at 697.

Under the first prong of the *Strickland* test, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a "strong presumption that [a lawyer's] conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prove that counsel's performance was objectively unreasonable, a petitioner "must overcome the presumption that, under the circumstances, [a] challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotations omitted).

14

2.  <u>Application</u>

a.  <u>Ineffective Assistance Ground (a):  Stipulations</u>

Petitioner argues that he received ineffective assistance of counsel because his trial counsel entered into certain stipulations (the "Stipulations") with the Government.  Petitioner fails to demonstrate that his counsel's decision to enter into the Stipulations was objectively unreasonable, as required by the first prong of the *Strickland* analysis.  The Second Circuit has established that a trial counsel's "decisions to offer or stipulate to certain evidence . . . are primarily matters of trial strategy and tactics and thus are virtually unchallengeable [under the first prong of the *Strickland* analysis] absent exceptional grounds."  *United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005) (internal citations and quotation marks omitted).

Petitioner does not argue that there are any exceptional grounds for challenging counsel's decision to enter into the Stipulations.  The facts to which Petitioner's counsel stipulated included the fact that the banks were insured by the FDIC, and the fact that the photographs of the banks' layout were accurate.  While petitioner is correct that the FDIC-insured status of the bank is an essential jurisdictional element of the Federal offenses with which he was charged, neither that, nor any of the other stipulated facts were in dispute.  Stipulating to those facts could therefore be considered reasonable trial strategy.  Indeed, "[e]xperienced defense attorneys routinely stipulate to undisputed facts in order to maintain credibility with the jury when challenging other aspects of the prosecution case."  *Gaskin*, 364 F.3d at 468-69.  Accordingly, the Court DENIES Petitioner's petition for relief based on his counsel's decision to enter into the Stipulations.

b.  <u>Ineffective Assistance Ground (b): Failure to Investigate and Use Discovery Material</u>

15

Petitioner claims that he received ineffective assistance of counsel through his counsel's failure to investigate and use the discovery material provided to the defense by the Government. In particular, Petitioner argues that his counsel failed to investigate the registration or ownership of the vehicles being used in the robberies, or to investigate or question residents of the apartment building where witnesses testified Petitioner had been living.  More broadly, Petitioner argues that his counsel failed to impeach the witnesses with prior statements or other evidence that contradicted their testimony.

These arguments do not meet the *Strickland* standard.  Neither of the specific issues that Petitioner highlights was essential to the outcome of the case.  The ownership of the automobiles involved was never in dispute, and only one of the cars used was alleged to have been owned by Petitioner.  Trial Tr. at 170, 177, 181, 186, 189, 193, 197, 201.  Petitioner does not show how his counsel's performance fell below an objective standard of reasonableness through his failure to further investigate a largely irrelevant issue.  While the furnishings of the apartment where Petitioner allegedly lived were used by the Government to show that Petitioner was profiting from the crime, his counsel thoroughly cross-examined the witnesses testifying about this issue, and exposed contradictions and doubt regarding their testimony.  Trial Tr. at 218, 319-20.

Even to the extent that counsel's performance could be considered deficient in some way, Petitioner cannot meet the second prong of the *Strickland* test, because he does not show how further information or testimony regarding any of these issues would have been helpful to his case, let alone changed the outcome of the proceedings.  Petitioner argues only that "he was facing a life sentence on these charges and . . . had a legal right to be defended to the fullest extent of the law."  Pet'r Reply at 24.  While this is true, to meet the second prong of the *Strickland* test, Petitioner must show that "but for counsel's unprofessional errors, the result of

16

the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Petitioner does not meet this burden.

Petitioner has failed to make a colorable claim that his counsel's failure to investigate and use discovery materials rendered his assistance ineffective.  The Court thus DENIES the petition for relief on this ground.

> c.  Ineffective Assistance Ground (c):  Failure to Obtain Discovery Material

Petitioner claims that his counsel was ineffective through his failure to obtain all of the discovery material from the Government.  Generally, claims that defense counsel should have "conducted more vigorous pre-trial discovery" do not establish that counsel was ineffective. *United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir. 1987).  Moreover, Petitioner's argument is not supported by the record, which shows that Petitioner's counsel sought and received discovery material from the government.  *See* Trial Tr. at 410-14.  Indeed, in the one instance where there was a question as to whether the Government provided all investigative reports from a particular police department witness, defense counsel raised the issue with the Court, and the Court ordered the witness to retrieve the reports in question and submit them for defense counsel's review.  *Id.* at 415-16.  Upon review of the report, counsel determined that there was no need to further question the police officer on the basis of that report.  *Id.* at 452. There is nothing in the record evidencing the existence of any further discovery material or prior witness statements; Petitioner provides nothing beyond his own speculation on this matter. Above all, Petitioner does not point to any specific withheld evidence or testimony that, had it been sought and obtained, would have changed the outcome at trial.  Accordingly, his argument does not meet either prong of the *Strickland* test.

Petitioner has failed to make a colorable claim that his counsel's failure to obtain further discovery materials rendered his assistance ineffective.  The Court thus DENIES the petition for relief on this ground.

> d.   Ineffective Assistance Ground (d):  Witness and Adversarial Errors

Petitioner claims that his counsel provided ineffective assistance by failing to (1) submit the Government's case to adversarial testing; (2) investigate and use the discovery material provided to the defense by the Government to impeach witnesses and show inconsistencies between witness' statements; (3) investigate the Government's evidence; and (4) present a defense case.   Several of these arguments duplicate other grounds that Petitioner raises elsewhere in his petition.  In any event, these arguments cannot meet either prong of the *Strickland* test.

First, Petitioner's counsel submitted the Government's case to reasonable adversarial testing.  The Supreme Court has explained that counsel must "entirely [] fail to subject the prosecution's case to meaningful adversarial testing," in order to rise to the level of prejudice. *Bell v. Cone*, 535 U.S. 685, 697 (2002) (emphasis in original).  The trial record indicates that Petitioner's counsel vigorously cross-examined the Government's witnesses.[3]  Petitioner does not explain how counsel's cross-examination was inadequate, or what additional steps counsel should have taken to test the Government's case.  Thus, Petitioner has not shown that counsel entirely failed to submit the case to reasonable adversarial testing.

Second, Petitioner's counsel's decision not to present a case and call witnesses is not an inherently unreasonable decision.  The decision whether to call any witness is a "tactical decision" that, "if reasonably made, will not constitute a basis for an ineffective assistance

---

[3] Petitioner's counsel also moved (unsuccessfully) for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 at the close of trial. Trial Tr. at 458-60.

claim." *Nersesian*, 824 F.2d at 1321.  A reviewing court is "ill-suited to second-guess" these questions of trial strategy.  *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998). Petitioner does not identify any specific witnesses whom counsel should have called, or explain what additional testimony could have been provided that would have been relevant to the defense case.  Petitioner has thus failed to overcome the presumption that counsel's decision not to call any witnesses was a permissible strategic choice.  He also has not indicated that there is a reasonable probability that calling additional witnesses would have changed the outcome of the case, and thus has failed to make any showing to support the second prong of the *Strickland* analysis.

Petitioner has failed to make a colorable claim that his counsel made witness or adversarial errors that rendered his assistance ineffective.  The Court thus DENIES the petition for relief on this ground.

> e.   Ineffective Assistance Ground (e):  Motion to Sever Offenses

Petitioner next claims that he received ineffective assistance of counsel through his attorney's failure to make a motion to sever the different offenses charged in the indictment. Because Petitioner's counsel's failure to file this motion was neither unreasonable nor prejudicial, this argument fails.

It was reasonable for Petitioner's counsel to decline to file a motion to sever the offenses in this case.  "For purposes of effective assistance, not every possible motion need be filed, but rather, only those having a solid foundation."  *United States v. Nersesian*, 824 F.2d 1294, 1322 (2d Cir. 1987).  Here, a motion to sever would have lacked a "solid foundation."  *Id.*  Under Federal Rule of Criminal Procedure Rule 8(a), an indictment may charge a defendant with multiple offenses if the offenses are "of the same or similar character . . . or are connected with

or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  Where joinder is proper, the court <u>may</u> sever the offenses for purposes of trial under Federal Rule of Criminal Procedure 14 if the defendant meets the "heavy burden" of showing that he would experience "substantial prejudice" absent severance.  *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994).

The charged offenses here – conspiracy, bank robbery, and firearms violations – were parts of a "common scheme."  Fed. R. Crim. P. 8(a).  Petitioner does not show that he would have been able to demonstrate "substantial prejudice" from joinder of these offenses.  Because a motion to sever the offenses charged would likely have failed, it was not unreasonable of Petitioner's counsel to decline to file the motion.  *See Taylor v. Poole*, No. 07 Civ. 6318, 2009 WL 2634724, at *13 (S.D.N.Y. Aug. 27, 2009) (denying Section 2255 petition based on ineffective assistance of counsel for failure to file motion to sever petitioner's trial from that of co-defendants where petitioner "failed to demonstrate a reasonable likelihood that a severance motion would have been successful").

Petitioner's argument also fails the second prong of the *Strickland* test, as he cannot show how he was prejudiced by having the different counts tried together.  Petitioner argues that severance was necessary because "by joinder of the offenses, this automatically sug[g]ested to the factfinder (jury) that if the defendant is guilty of one charge, he must be guilty of them all."  Pet'r Mot. 7.  In fact, the jury found Petitioner guilty on only three out of seven counts of armed robbery, and on the corresponding three out of seven firearms charges.  Such a verdict directly undermines Petitioner's claim of prejudice.

Petitioner has failed to make a colorable claim that his counsel's decision not to file a motion to sever the offenses rendered his assistance ineffective.  The Court thus DENIES the petition for relief on this ground.

     f. <u>Ineffective Assistance Ground (f):  Failure to Object to Court's Jury Instructions</u>

Petitioner's final ineffective assistance claim relates to the jury instructions he objected to in Ground 2, *supra*.  In particular, Petitioner faults his attorney for failing to object to the Court's "accomplice witness" instructions and its reading of the overt acts charged in the indictment.  Because the Court finds that these instructions were not improper, Petitioner's counsel committed no error by not objecting to them.

Petitioner has failed to make a colorable claim that his counsel's decision not to object to the jury instructions rendered his assistance ineffective.  The Court thus DENIES the petition for relief on this ground.

    E. <u>Motion to Appoint Counsel</u>

Petitioner has moved for the appointment of counsel pursuant to 18 U.S.C § 3006A(g).  A court has discretion under the Criminal Justice Act ("CJA") to appoint counsel for any person seeking relief pursuant to 28 U.S.C. § 2255 "[w]henever . . . the interests of justice so require and such person is financially unable to obtain representation."  18 U.S.C. § 3006A.  In making this determination, courts ascertain, as a threshold requirement, "whether the indigent's position seems likely to be of substance."  *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).  Having found the petition to be without merit, the Court denies Petitioner's application for the appointment of counsel.

III.     Conclusion

For the reasons set forth above, the Court DENIES Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255.    A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.  The Clerk of the Court is ordered to close this case; any pending motions are moot.

SO ORDERED.

DATED:        New York, New York
              September 8, 2010

KIMBA M. WOOD
United States District Judge